SAMUEL S. RIDDLE v. EDWARD RUSSELL AND HENRY CLARK, Appellants.

**Payment:** EVIDENCE,   A holder of a note procured from a bank which had marked it "Paid," with a cancellation stamp has the burden of proving that he bought the note, the stamp being presumptive evidence of payment.

SAME.   A stranger accepting a note from the bank which had marked it "Paid" after he paid its amount to the bank, without anything being said about his purchasing it, cannot recover from a surety thereon.

SAME.   One who has paid a promissory note, although for the benefit of the maker, cannot sue upon it.

**Instructions:** REQUEST.   It is error to refuse a specific instruction as to what a plaintiff has the burden of proving, where the only instruction given on the subject is that plaintiff has the burden of proving the "material allegations" of his petition, without stating what allegations are material.

*Appeal from Linn District Court.*—HON. WILLIAM G. THOMPSON, Judge.

WEDNESDAY, MAY 24, 1899.

ACTION upon a promissory note. Plaintiff claims to be an indorsee thereof. The note was made by defendant Russell to Smyth Bros., defendant Clark signing as surety. It was held by the Mt. Vernon Bank as collateral security for a debt of the payee. The defense is that plaintiff paid the same to the Mt. Vernon Bank, and that upon its delivery to him it was duly stamped across its face as paid. There was further defense in behalf of Clark, as surety, of laches on the part of plaintiff. The case was tried to a jury. From a verdict and judgment in plaintiff's favor, defendants appeal.—*Reversed.*

*Rickel & Crocker* for appellants.

*Charles W. Kepler* for appellee.

WATERMAN, J.—The court was warranted by the evidence in refusing to submit to the jury the separate defense of the surety.

On the other branch of the case, it was undisputed that the bank held this paper as collateral security for a debt due from Smyth Bros., and there was evidence on the part of defendant tending to show that it was not transferred to plaintiff, but that he paid it, and after cancellation it was delivered to him. On this issue the court gave an instruction as follows: "If you find from the evidence that defendant Russell arranged with the plaintiff herein to borrow the money of him to pay the note, and you further find that Russell did borrow the money of plaintiff, and that the money so borrowed was used in payment of said note, then your verdict should be for the defendant; but if you are satisfied from the evidence that plaintiff advanced the money

to take up said note and purchase the same, and did so purchase the same, your verdict should be for the plaintiff for the amount you find due on the note sued upon."

This instruction is excepted to by appellants. This paragraph is correct, as far as it goes, but defendants were manifestly entitled to a broader statement of the law. If the note was paid by plaintiff, he can maintain no action upon it, even though Russell did not borrow the money with which the payment was made. The instruction is the only one given upon the issue of payment. As to the burden resting upon plaintiff, the jury was told that plaintiff must establish by a fair preponderence of the evidence the "material allegations" of his petition. No attempt was made to define or specify what allegations are material.

Defendants asked, and the court refused to give, these two instructions. 4: "You are instructed that the burden of proof is on the plaintiff to show by a preponderance of the evidence that the note was not paid as shown by the indorsement thereon, and that he purchased the same as alleged in his petition, and did not pay the same according to the said indorsement thereon." 5: "If you find from the evidence that the plaintiff paid the money on the note in controversy to the bank, and that the bank thereupon marked it 'Paid,' and that plaintiff accepted the same, and that nothing was said on the part of the bank about selling the same to plaintiff, then and in that event you will find for defendant Clark." It was error to refuse these. The first is specific as to the burden of proof, and the other announces a rule of law about which there can be no dispute, and which is not contained in the charge as given. The cancellation stamp on this note was presumptive evidence of payment. *Thomassen v. Van Wyngaarden,* 65 Iowa, 687. Without regard to where the money was obtained that was given for this paper, or how it came to be paid, the burden was on plaintiff to overcome this presumption.—REVERSED.